# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00548-CR

**Andre Martrell Myers, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 62365, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Andre Martrell Myers of the offense of harassment by a person in a correctional facility. *See* Tex. Penal Code Ann. § 22.11 (West Supp. 2008). Punishment was assessed at five years' imprisonment and a $2,000 fine. In a single point of error, Myers asserts that the district court erred in allowing the State to proceed on an indictment that omitted an element of the offense. We will affirm the judgment.

The underlying facts in this case are not disputed on appeal. The jury heard evidence that Darrell Guess, an attorney appointed to represent Myers in another case, went to the Bell County Jail to visit his client. Guess testified that, during his initial interview, Myers became agitated and knocked some papers off of the table at which they were sitting. Guess added that after he retrieved the papers from the floor, Myers spit in his face.

Myers was subsequently indicted for the offense of harassment by persons in certain correctional facilities. The indictment alleged that on November 29, 2007, Myers,

> did then and there, while confined in a correctional or detention facility, intentionally and knowingly cause another person, to wit: Darrell Guess, to contact the saliva of the said Andre Martrell Myers.

The morning Myers's trial was set to begin, the State announced that it was not ready to proceed. The State explained that, in preparing for trial, it had discovered that the indictment was defective in that it did not allege all of the elements of the offense. Specifically, the indictment omitted the statutory requirement that Myers committed the offense "with the intent to assault, harass, or alarm" Guess. *See id*. § 22.11(a). The State informed the district court that it had "prepared a motion to amend the indictment that has it now properly pled to be an offense." The State added that, if the indictment was amended that morning, and if Myers waived any objection to the amendment, the State would be ready to proceed to trial. When the district court asked defense counsel if he was ready to proceed, defense counsel responded,

> Your Honor, we're ready as the way the indictment is set out today. We would object to the amendment of the indictment as it is not being proper and timely. If this Court does grant the motion to amend the indictment, then we're not ready. We will request our ten days.

The district court then granted the motion to amend the indictment and told the defense that they would have additional time to prepare. However, before recessing, the prosecutor advised the district court that "because it's an amendment as to substance, I don't believe we could amend it over the objection of the defense so either they'll agree to our amendment or we'll re-indict it . . . ." After

2

further discussion on the matter, the prosecutor decided to re-indict. The record reflects that the original indictment was not amended, nor was it dismissed.

Approximately two months later, the case again proceeded to trial. The case had been re-indicted in cause number 62,929. However, at the start of the proceedings, the district court announced that it was taking up the case in cause number 62,365—the cause number of the original indictment. Both parties announced ready without mentioning the discrepancy, and voir dire began.

That afternoon, following a recess, the parties addressed the discrepancy. The prosecutor explained that the State was ready to proceed on either cause number:

> Judge, just to put it on the record, what happened in this case was the first case that was indicted against Mr. Myers was 62,365, and that's for the offense of harassment by a person in a correctional facility. That case was later re-indicted in Cause Number 62,929; however, 62,365 was never dismissed. So that is still properly on the court's docket.
>
> The case, Your Honor, called this morning was 62,365. We are prepared and ready to go on that should Your Honor want to, but we are also prepared to amend the clerical mistake, the calling of the cause number, and we're prepared to proceed on 62,929. They are both the same offense, same date, same victim, and virtually the entire same case. So we are ready.

Defense counsel, however, objected to proceeding on cause number 62,929:

> We are prepared on 62,365. That's the case the State announced ready for. That's the case that we started a jury on. As a matter of fact, we have completed voir dire. The jury has been impaneled. We are prepared to go to trial. Jeopardy has attached. We would request that the court continue on 62,365.

The district court decided to go forward on cause number 62,365. Neither party objected, and both sides announced that they were ready to proceed.

3

At the close of the State's evidence, Myers moved for a directed verdict or dismissal because the indictment in cause number 62,365 did not track the statutory language of the offense. This was the first time in the proceedings that Myers had objected to the indictment. The district court denied the motion to dismiss.

Myers called no witnesses in his defense, and both sides rested. The jury was then charged on the elements of the offense as provided in the statute, including the mens rea element that had been omitted from the indictment.[1] The jury found Myers guilty of the offense. This appeal followed.

Myers's sole point of error is that the district court erred in allowing the State to proceed on the defective indictment. The State argues that Myers failed to preserve error on this issue. We agree. "If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding." Tex. Code Crim. Proc. Ann. art. 1.14(b) (West 2005); *see Sanchez v. State*, 120 S.W.3d 359, 367 (Tex. Crim. App. 2003) (explaining that "[t]he right to be charged by an instrument that is free of defects, errors, and omissions" is "a forfeitable right" and any error in charging instrument must be objected to "before trial"); *Studer v. State*, 799 S.W.2d 263, 268, 273 (holding that "a failure to allege an element of an

---

[1] Myers also objected to the jury charge on that basis. However, Myers does not argue this issue on appeal.

4

offense in an indictment or information is a defect of substance" that is waived by failure to make pretrial objection).

The record reflects that Myers did not object to the defective indictment at any point prior to trial. The day the trial was first scheduled to begin, it was the State that brought the defective indictment to the trial court's attention. However, when the State sought to amend the indictment, Myers objected to the amendment and announced that "we're ready as the way the indictment is set out today." The prosecutor then decided to re-indict and the trial was postponed. When the rescheduled trial began, the district court announced that it was proceeding on cause number 62,365, the defective indictment. Myers did not object and announced that he was ready to proceed. The case proceeded to voir dire and the jury was impaneled. Prior to opening its case in chief, the State alerted the district court that the court had called the wrong cause number and offered to proceed on the correct cause number. However, Myers insisted on proceeding with the original cause. It was not until after the State closed its evidence that Myers first objected to the indictment. On this record, we conclude that Myers has failed to preserve error.

We overrule Myers's sole point of error and affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: August 13, 2009

Do Not Publish

5